Daniel M. Cislo, Esq., No. 125,378
Kelly W. Cunningham, Esq., No. 186,229
CISLO & THOMAS LLP
12100 Wilshire Boulevard, Suite 1700
Los Angeles, California 90025-7103
Telephone:  (310) 451-0647
Telefax:  (310) 394-4477
Email:  dancislo@cislo.com
          kcunningham@cislo.com

Attorneys for Plaintiff
Derek King d/b/a K226 Triathlon

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEREK KING, an Individual d/b/a K226 TRIATHLON, | CASE NO. |
| Plaintiff, | **COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| WORLD TRIATHLON CORPORATION, a Florida corporation d/b/a IRONMAN, and DOES 1-10, inclusive, | |
| Defendants. | |

For his complaint, Plaintiff Derek King ("Mr. King") alleges and asserts as follows:

## I.    PARTIES

1.    Mr. King is an individual and United States citizen residing in Santa Monica, California and doing business as K226 Triathlon.  On May 24, 2013, Mr. King filed a fictitious business name statement with the State of California, a true and correct copy of which is attached hereto as Exhibit 1.

2.      Upon information and belief, Defendant World Triathlon Corporation d/b/a Ironman (hereinafter referred to as "Ironman") is a corporation formed under the laws of the State of Florida having a place of business at 2701 North Rocky Point Drive, Suite 1250, Tampa, Florida 33607, and doing business as Ironman.

3.      The true names and capacities, whether individual, corporate or otherwise of Defendants Does 1-10 inclusive, are unknown to Mr. King, which therefore sues them by such fictitious names.  Mr. King will seek leave to amend this complaint to allege their true names and capacities when they have been ascertained.  Mr. King is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged and that Mr. King's damages as herein alleged were proximately caused by those Defendants.  At all times herein mentioned, Defendants Does 1-10 inclusive were the agents, servants, or employees of their co-defendants, and in doing the things hereinafter alleged were acting within the course and scope of their authority as those agents, servants, or employees, and with the permission and consent of their co-defendants (hereinafter, collectively with the named defendant, "the Defendants").

## II.    **JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) as the trademark infringement and false designation of origin claims arise under an Act of Congress, namely the Federal Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, including §§ 1114, 1121(a), and 1125(a).

5.      This Court has personal jurisdiction over Defendants pursuant to the United States Constitution and the California Long Arm Statute, Cal. Civ. Proc.

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

Code § 410.10 because, upon information and belief, the Defendants sell their products, including products under the offending trademark, within California.

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) since, upon information and belief, the Defendants have committed acts of infringement within this judicial district, including selling products under the offending trademark within this judicial district.

## III.    FACTUAL ALLEGATIONS

7.    Mr. King has been offering entertainment services and merchandise in the field of triathlons since at least March 2006, including competitions and online reviews of triathlons, under his trademark, K226 ("the K226 mark"). Mr. King has vigilantly policed and protected his rights and interests in and to the K226 mark, including at times acting to enforce his rights against unauthorized use of his trademark.

8.    As a result, Mr. King has developed substantial goodwill and recognition in his trademark and his goods and services among consumers and the public at large.

9.    Indeed, the United States Patent and Trademark Office has acknowledged Mr. King's rights in and to the K226 mark by granting Mr. King a federal trademark registration for K226 (U.S. Trademark Registration No. 3,240,703). Mr. King attaches as Exhibit 2 a true and correct copy of the registration certificate for his federal trademark registration. This registration is at this point strong, distinctive, and well known among the public. In fact, Mr. King's registration is incontestable pursuant to 15 U.S.C. § 1065.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

10.     Upon information and belief, Defendants are using the mark 226K ("the 226K mark") for goods and services similar and related to that offered by Mr. King under his K226 mark.  Mr. King attaches as Exhibit 3 a true and correct photograph of a shirt sold in this judicial district by the Defendants prominently displaying the 226K mark, annotated with the 226K mark circled.

11.     Mr. King did not consent to or authorize Defendants to adopt or to make commercial use of their confusingly similar mark for Defendants' products or services.

12.     Mr. King has no control over the nature and quality of the products and services offered by Defendants.  Mr. King has no control over the qualifications of Defendants' employees and likewise has no control over the products sold by Defendants and whether the products meet the professional standards and regulations, which may apply at any particular locale where Defendants are selling their goods and services.  Mr. King's business goodwill in his K226 mark is therefore in significant part at the mercy of the quality of Defendants' products and will continue to be for so long as Defendants are allowed to continue using the aforesaid 226K mark.  And, to the extent Defendants' products are inferior to Mr. King's, Mr. King is being harmed by Defendants' unauthorized use of the 226K mark.  Upon information and belief, therefore, Mr. King has suffered and will continue to suffer injury as a result of Defendants' actions.

13.     Mr. King believes that there may be actual confusion between Defendants' use of their mark for their products and services and Mr. King's federally registered and incontestable K226 mark.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

14.   Defendants' wrongful, unauthorized use of their confusingly similar 226K mark is likely to cause consumer confusion with Mr. King's K226 mark, and, upon information and belief, has already caused actual confusion.  If permitted to continue, Defendants' infringement will irreparably harm Mr. King, his reputation, and his goodwill.  Defendants' wrongful use of their confusingly similar 226K mark dilutes the strength of the K226 mark and tarnishes the image and reputation of Mr. King among the relevant consuming public.

## CLAIM I
## INFRINGEMENT OF FEDERALLY
## REGISTERED TRADEMARK
## (15 U.S.C. § 1114(1))

15.   Mr. King repeats and incorporates herein the allegations set forth in paragraphs 1 through 14 above.

16.   Mr. King is using or has used the K226 mark throughout the United States in connection with the goods and services specified above.  Mr. King owns the federally registered K226 mark.  His registration is at this point strong and distinctive, and has become statutorily incontestable.

17.   Upon information and belief, Defendants have been and continue to use the aforesaid 226K mark.  This 226K mark is confusingly similar to Mr. King's K226 mark.

18.   The K226 mark is very strong in light of the substantial marketing and promotion of Mr. King's goods and services in connection with the K226 mark for nearly ten (10) years and the substantial sales volume of Mr. King's goods and

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

services sold in connection with the K226 mark.

19. Mr. King does not consent to and has never consented to or authorized Defendants' use of the aforesaid confusingly similar 226K mark.

20. Defendants' continued use of the aforesaid confusingly similar 226K mark will likely cause confusion or mistake, or will likely deceive the public as to Defendants' products being associated or identified with or being the same as those of Mr. King.

21. Defendants therefore have infringed the K226 mark in violation of Mr. King's federal trademark rights under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, particularly 15 U.S.C. § 1114(1).

22. Defendants' continued use of their confusingly similar mark in connection with their goods and services identified above comprises willful, knowing, and deliberate infringement.

23. Mr. King has no control over the composition or quality of the goods sold by the Defendants under their confusingly similar mark. As a result, to the extent the Defendants' products are inferior to Mr. King's, Mr. King's valuable goodwill, developed at great expense and effort by Mr. King, is being harmed by the Defendants' continued, unauthorized use of their 226K mark, and is at risk of further damage.

24. The goodwill of Mr. King's business under the K226 mark is of significant value, and Mr. King will suffer irreparable harm should Defendants'

infringement be allowed to continue to the detriment of Mr. King's reputation and goodwill.

25.   Defendants' infringement will continue unless enjoined.   Mr. King therefore seeks an injunction against further infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. King requests judgment against Defendants, as follows:

A.   For an order permanently enjoining Defendants and their officers, directors, agents, servants, attorneys, and employees and all other persons acting in concert with them, from committing any further acts of trademark infringement, including using any mark confusingly similar to the K226 mark, including, but not limited to 226, 226K, or any mark incorporating the number 226 and a "K" in connection with any triathlon products or services;

B.   For an order directing Defendants to file with this Court and to serve on Mr. King within thirty (30) days after service on Defendants of the injunction granted herein, or such extended period as the Court may direct, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction and order of the Court;

C.   For a judgment that Defendants have willfully and deliberately infringed Mr. King's rights and that this is an exceptional case;

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

D.      For an order awarding to Mr. King the maximum allowable damages resulting from Defendants' trademark infringement, including the greater of Mr. King's lost profits and Defendants' illicit profits, increased to three times this amount;

E.      For an order for Defendants to pay the attorneys' fees and costs Mr. King incurred in having to bring and sustain this action for the legal enforcement of his trademark rights; and

F.      For such other and further relief as this Court may deem just and equitable under the circumstances.

Respectfully submitted,

CISLO & THOMAS LLP

Dated: February 5, 2015          By:   _____
                                        Daniel M. Cislo, Esq.
                                        Kelly W. Cunningham, Esq.

                                        Attorneys for Plaintiff
                                        Derek King d/b/a K226 Triathlon

T:\15-29961\Complaint - King v. World Triathlon (Ironman).docx

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647     FACSIMILE: (310) 394-4477

## **DEMAND FOR JURY TRIAL**

Plaintiff Derek King hereby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure and by the Local Rules of this Court to the extent Mr. King and his claims for relief are entitled thereto.

Respectfully submitted,

CISLO & THOMAS LLP

Dated:  February 5, 2015

Daniel M. Cislo, Esq.
Kelly W. Cunningham, Esq.

Attorneys for Plaintiff
Derek King d/b/a K226 Triathlon

T:\15-29961\Complaint - King v. World Triathlon (Ironman).docx

**EXHIBIT 1**



2013 107871

FILED
May 24 2013

Dean C. Logan, Registrar - Recorder/County Clerk

Electronically signed by TERRY PEREA

YOUR RETURN MAILING ADDRESS

NAME: LegalZoom.com, Inc.

ADDRESS: 100 W. Broadway, Suite 100

CITY: Glendale          STATE: CA          ZIP CODE: 91210

## FICTITIOUS BUSINESS NAME STATEMENT
### TYPE OF FILING AND FILING FEE (Check one)

☑ Original- $26.00 (FOR ORIGINAL FILING WITH ONE BUSINESS NAME ON STATEMENT)
☐ New (Amended) Filing- $26.00 (CHANGES IN FACTS FROM ORIGINAL FILING- REQUIRES PUBLICATION)
☐ Refile- $26.00 (NO CHANGES IN THE FACTS FROM ORIGINAL FILING)
$5.00 - FOR EACH ADDITIONAL BUSINESS NAME FILED ON SAME STATEMENT, DOING BUSINESS AT THE SAME LOCATION $5.00 - FOR EACH ADDITIONAL OWNER IN EXCESS OF ONE OWNER

### The following person(s) is (are) doing business as:

*1. K226 triathlon          2.

Print Fictitious Business Name(s)

** 1315 Abbot Kinney Blvd.

Street address of principal place of business          Mailing address if different

| Venice | CA | 90291 | Los Angeles | | | |
|--------|-----|-------|-------------|-----|-------|-----|
| City | State | Zip | COUNTY | City | State | Zip |

Articles of Incorporation or Organization Number (if applicable): At #ON_____

*** REGISTERED OWNER(S):

1. Derek King                                    2.

Full Name/Corp/LLC (P.O. Box not accepted)          Full Name/Corp/LLC (P.O. Box not accepted)

1315 Abbot Kinney Blvd.

Residence Address                                    Residence Address

Venice, CA 90291

| City | State | Zip | | City | State | Zip |
|------|-------|-----|---|------|-------|-----|

If Corporation or LLC – Print State of Incorporation/Organization          If Corporation or LLC – Print State of Incorporation/Organization

3.                                    4.

Full Name/Corp/LLC (P.O. Box not accepted)          Full Name/Corp/LLC (P.O. Box not accepted)

Residence Address                                    Residence Address

| City | State | Zip | | City | State | Zip |
|------|-------|-----|---|------|-------|-----|

If Corporation or LLC – Print State of Incorporation/Organization          If Corporation or LLC – Print State of Incorporation/Organization

IF MORE THAN FOUR REGISTRANTS, ATTACH ADDITIONAL SHEET SHOWING OWNER INFORMATION

**** THIS BUSINESS IS CONDUCTED BY: (Check one)
☑ an Individual     ☐ a General Partnership     ☐ a Limited Partnership     ☐ a Limited Liability Company
☐ an Unincorporated Association other than a Partnership     ☐ a Corporation     ☐ a Trust     ☐ Copartners
☐ a Married Couple     ☐ Joint Venture     ☐ State or Local Registered Domestic Partners     ☐ a Limited Liability Partnership

***** The date registrant commenced to transact business under the fictitious business name or names listed above on 04/30/2013

(Insert N/A above if you haven't started to transact business)

### I declare that all information in this statement is true and correct.
### (A registrant who declares as true information which he or she knows to be false is guilty of a crime.)

REGISTRANT/CORP/LLC NAME (PRINT) Derek King          TITLE Owner

REGISTRANT SIGNATURE _____          IF CORP OR LLC, PRINT NAME _____

**If corporation, also print corporate title of officer.  If LLC, also print title of officer or manager.**
This statement was filed with the County Clerk of LOS ANGELES on the date indicated by the filed stamp in the upper right corner.

NOTICE – IN ACCORDANCE WITH SUBDIVISION (a) OF SECTION 17920, A FICTITIOUS NAME STATEMENT GENERALLY EXPIRES AT THE END OF FIVE YEARS FROM THE DATE ON WHICH IT WAS FILED IN THE OFFICE OF THE COUNTY CLERK, EXCEPT, AS PROVIDED IN SUBDIVISION (b) OF SECTION 17920, WHERE IT EXPIRES 40 DAYS AFTER ANY CHANGE IN THE FACTS SET FORTH IN THE STATEMENT PURSUANT TO SECTION 17913 OTHER THAN A CHANGE IN THE RESIDENCE ADDRESS OF A REGISTERED OWNER.  A NEW FICTITIOUS BUSINESS NAME STATEMENT MUST BE FILED BEFORE THE EXPIRATION.

THE FILING OF THIS STATEMENT DOES NOT OF ITSELF AUTHORIZE THE USE IN THIS STATE OF A FICTITIOUS BUSINESS NAME IN VIOLATION OF THE RIGHTS OF ANOTHER UNDER FEDERAL, STATE, OR COMMON LAW (SEE SECTION 14411 ET SEQ., BUSINESS AND PROFESSIONS CODE).
*I HEREBY CERTIFY THAT THIS COPY IS A CORRECT COPY OF THE ORIGINAL STATEMENT ON FILE IN MY OFFICE.*

*DEAN C. LOGAN, LOS ANGELES COUNTY CLERK*          BY: **T. PEREA** _____, Deputy

Rev. 01/2013          P.O. BOX 1208, NORWALK, CA 90651-1208          PH: (562) 462-2177          WEB ADDRESS: LAVOTE.NET

This is a true and certified copy of the record
If it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

MAY 24 2013

Dean C. Logan   REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA

**EXHIBIT 2**

Int. Cl.: 41

Prior U.S. Cls.: 100, 101, and 107

**United States Patent and Trademark Office**

Reg. No. 3,240,703
Registered May 8, 2007

## SERVICE MARK
### PRINCIPAL REGISTER

# K226

KING, DEREK (UNITED KINGDOM INDIVI-
DUAL)
1315 ABBOT KINNEY BLVD
VENICE, CA 90291

FOR: ENTERTAINMENT IN THE NATURE OF
COMPETITIONS IN THE FIELD OF TRIATHLON;
ENTERTAINMENT SERVICES, NAMELY, PROVID-
ING ON-LINE REVIEWS OF TRIATHLON, IN
CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 3-6-2006; IN COMMERCE 3-6-2006.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SN 78-720,883, FILED 9-26-2005.

DARRYL SPRUILL, EXAMINING ATTORNEY

**EXHIBIT 3**

